UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-85 |
| | ) | |
| RONALD PREZ WAGONER, | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the undersigned for a competency hearing on November 5, 2012. Assistant United States Attorney Melissa M. Kirby appeared as counsel for the Government. Assistant Federal Defender Laura E. Davis represented the Defendant, who was also present. The parties stipulated to the eleven (11) page Forensic Report by Forensic Psychologist Judith Campbell, Ph.D., of Federal Medical Center in Lexington, Kentucky. The report was made a sealed exhibit to the hearing. Neither the Government nor the Defendant sought to offer any other evidence for the Court to consider on the issue of the Defendant's competency. Moreover, both parties agreed with the finding of Dr. Campbell that the Defendant is competent to stand trial.

The Forensic Report concludes that although the Defendant has previously been diagnosed with a serious mental illness, this illness is presently stabilized with treatment. The report also concludes that the Defendant is not presently symptomatic and his illness does not, at this time,

1

prevent him from "appreciating his situation realistically, discussing his case rationally, or consulting effectively with his attorney." [Doc. 21, p. 10] Based upon the Forensic Report and pursuant to 18 U.S.C. § 4241(d), the Court finds by a preponderance of the evidence that Defendant Wagoner is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. Accordingly, the Court finds that the Defendant is **COMPETENT** to stand trial.

After the matter of his competency was resolved, the Defendant was arraigned on the Indictment [Doc. 14]. The Court then set the case for trial on January 9, 2013. The Court finds that the time during which the Defendant was undergoing a mental evaluation, including a reasonable time for transportation to and from that evaluation, is excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A), -(F). The Defendant will now need time to consider whether pretrial motions should be filed. See 18 U.S.C. § 3161(h)(1)(D). If motions are filed, the Court will need to conduct a hearing on the motions and issue a ruling or a report and recommendation. See 18 U.S.C. § 3161(h)(1)(F), -(H). Additionally, both parties will need time to prepare the case for trial. Accordingly, the Court finds the ends of justice served by scheduling the trial for January 9, 2012, outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant has been out of the district for an extended time undergoing a mental evaluation and now needs time to prepare for his trial. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Court **SETS** the trial for **January 9, 2013**, finding that time is required to allow the parties the reasonable time necessary to prepare for trial effectively. The Court further finds that all of the time between the **July 13, 2012** Commitment Order [Doc. 17] and the new trial date of **January 9, 2013**, shall be fully excludable as provided by the Speedy Trial Act.

2

See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), and -(7)(A)-(B). With regard to other scheduling in this case, the Defendant has until **December 3, 2012**, to file any pretrial motions. The Government's responses are due on or before **December 17, 2012**. The parties are to appear for a pretrial conference and motion hearing on any pending motions on **January 3, 2013, at 9:30 a.m.** This date shall also be the deadline for the Defendant to provide reciprocal discovery and for the conclusion of plea negotiations. The Court instructs the parties that all motions *in limine* and special requests for jury instructions shall be submitted to the District Court no later than **January 4, 2013**. Special requests for jury instructions must be supported by citations to authority pursuant to Local Rule 7.4.

Finally, at the conclusion of the hearing, defense counsel made an oral motion to reopen the detention hearing in this case. On July 5, 2012, United States Magistrate Judge H. Bruce Guyton conducted a detention hearing and determined [Doc. 9] that the Defendant should be detained. Attorney Davis argued that information not previously known and having a material bearing upon the conditions of release is now available. See 18 U.S.C. § 3142(f). Specifically, she stated that the matter of the Defendant's competency is now resolved and that the Defendant could potentially live at the Salvation Army, which is not within walking distance of the Social Security Administration, unlike his former apartment. The Defendant's oral motion to reopen the detention hearing is **GRANTED**, and a detention hearing is set for **November 13, 2012, at 9:00 a.m.**

Accordingly, it is **ORDERED**:

(1) The Court finds that the Defendant is **COMPETENT** to stand trial;

(2) The trial of this matter is set to commence on **January 9, 2013, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Court Judge;

(3) All time between the Order of Commitment filed on **July 13,**

**2012**, and the new trial date of **January 9, 2013**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion-filing deadline is reset to **December 3, 2012**;

(5) Responses to pretrial motions are due on or before **December 17, 2012**;

(6) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **January 3, 2013, at 9:30 a.m.** This date will also be the deadline for providing reciprocal discovery and for concluding plea negotiations;

(7) Motions *in limine* and special requests for jury instructions with the appropriate citation to authority shall be submitted to the District Court no later than **January 4, 2013**; and

(8) The Defendant's oral motion to reopen the detention hearing is **GRANTED**, and a detention hearing before the undersigned is schedule for **November 13, 2012, at 9:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4