UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) No.: 3:12-CR-85-PLR-CCS |
| | ) |
| Ronald Prez Wagoner | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's pro se motion for an order directing his transfer to a medical facility. [R. 48]. On December 5, 2012, the defendant pled guilty to threatening to assault and murder a Social Security representative in violation of 18 U.S.C. § 115(a)(1)(B). [R. 34]. On April 22, 2013, the defendant was sentenced to 48 months imprisonment, followed by three years of supervised release. [R. 45]. The defendant is currently at the Bureau of Prisons' high-security facility in Terre Haute, Indiana, but would like to be transferred to a medical facility. In support of his motion, the defendant states he has had two stents placed in arteries leading to his heart, he had surgery just before sentencing, he had another surgery on his right foot, he has a nerve condition, and he has been diagnosed with an unspecified mental illness. [R. 48, p. 2].

The Bureau of Prisons has the express authority to designate the place of a prisoner's confinement. 18 U.S.C. § 3621(b); *Devonshire v. Holder,* 2013 WL 460532 at *2 (E.D. Ky. Feb. 6, 2013). Moreover, it is well-settled that federal prisoners have no

constitutional right to be confined in, or transferred to, a particular facility. *Id., see also McKune v. Live*, 536 U.S. 24, 39 (2002); *Olim v. Wakinekona,* 461 U.S. 238 (1983); *Meachum v. Fano,* 427 U.S. 215 (1976). Accordingly, the Court lacks the authority to order the defendant's transfer to a different Bureau of Prisons facility. The defendant's motion for an order transferring him to a medical facility [R. 48] is **DENIED.**

    **It is so ORDERED.**

                                                                                     **UNITED STATES DISTRICT JUDGE**